**FILED**
February 02, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **XIANGWEI CHEN,** § | |
| Petitioner, § | |
| v. § | NO. SA-25-CV-1605-OLG |
| **PAM BONDI, United States Attorney General,** *et al.*, § | |
| Respondents. § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Xiangwei Chen's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 6) and Petitioner has replied (Dkt. No. 10).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a citizen of China who entered the United States without inspection on in 2023. (*See* Dkt. No. 1 at 2; Dkt. No. 6 at 1.) He was subsequently apprehended, arrested, issued a Notice to Appear, and released on his own recognizance. (Dkt. No. 6 at 2; Dkt. No. 6-1 at 3; Dkt. No. 10 at 2.) Petitioner was detained in November 2025 when he appeared for a hearing in immigration court. (Dkt. No. 1 at 2.) Respondents acknowledge that Petitioner is currently in full removal proceedings and contend that the INA mandates his continued detention during this time. (*See* Dkt. No. 6 at 8–9 (citing 8 U.S.C. § 1229a)). Petitioner initiated this proceeding on December 1, 2025, asserting that Respondents' keeping him in custody on a mandatory basis violates the INA because he is a detainee subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing. (*See* Dkt. No. 1; *see also* Dkt. No. 10 at 3–5.)

As the Court has already determined, because Petitioner is in full removal proceedings, his detention can only be authorized under § 1225(b)(2)(A) or § 1226(a),[1] and, because Petitioner is an applicant for admission who was not actively "seeking admission" when he was arrested and detained, he "is a detainee subject to § 1226(a)," not § 1225(b)(2)(A). *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025) (citing *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025)); *Velazquez-Reygada v. Noem*, No. SA-25-CV-1694-OLG, Dkt. No. 8 (W.D. Tex. Jan. 8, 2026).

In response to the Petition, Respondents have not presented any new arguments in support of their position that Petitioner is properly mandatorily detained under 8 U.S.C. § 1225(b)(1)(A)(iii)(II). (*Compare* Dkt. No. 6; *with Perez-Puerta*, No. SA-25-CV-1476-OLG, Dkt. No. 7.)[2] Accordingly, given the absence of any material differences between this case and *Perez-Puerta*, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.[3]

Petitioner Xiangwei Chen's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

---

[1] *See* 8 U.S.C. §§ 1225(b)(2)(A) ("[A]n applicant for admission . . . seeking admission . . . shall be detained for a proceeding under [§] 1229a."); 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States [under § 1229a]"); 1229a(a) ("An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien.").

[2] Indeed, the Court notes that Respondents here cite the same jurisdiction-stripping provisions of the INA—i.e., 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4) (*see* Dkt. No. 6 at 6–7)—which the Court has already addressed and found to be inapplicable in cases like this one, *see Perez-Puerta*, No. SA-25-CV-1476-OLG, Dkt. No. 13; *Mendoza Euceda*, No. SA-25-CV-1234-OLG, Dkt. No. 16.

[3] Although he does not expressly present a statutory-based claim, Petitioner's allegations are sufficient for the Court to grant habeas relief based on Respondents' violation of the INA (*see* Dkt. No. 1 at 5–6).

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on February \_\_2\_\_, 2026.

_____
ORLANDO L. GARCIA
United States District Judge